United States District Court
Southern District of Texas
**ENTERED**
September 03, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MANI IYER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-2782 |
| | § | |
| SYNDIGO LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

In September 2025, this court dismissed Mani Iyer's claims against Syndigo LLC ("Syndigo") with prejudice, concluding that Iyer's claims wholly lacked a factual or legal basis. (Docket Entry Nos. 20, 21). In June 2026, this court awarded Syndigo $98,573.20 in attorneys' fees for the work required to defend against Iyer's breach-of-contract claims, against the individual defendants for breach of fiduciary duty, and against all defendants for fraud and fraudulent inducement. (Docket Entry No. 26). Iyer's claims were based on the parties' 2004 Consulting Agreement ("Agreement") and a 2005 Addendum to that Agreement ("Addendum"). (Docket Entry No. 1-1 ¶¶ 9–11; Docket Entry No. 4-1). This court dismissed Iyer's claims as barred by limitations because they arose from that Agreement and Addendum. (Docket Entry Nos. 20 at 4–7, 21).

The court, in a detailed written opinion, examined the relevant declarations and the detailed billing record, and concluded that the hourly rates and hours performed were reasonable. (Docket Entry No. 26). The court explained the lodestar calculations and observed that no downward adjustment was justified. (*Id.* at 3–7).

Iyer, no longer represented by counsel and proceeding pro se, now moves for reconsideration of the fee award. (Docket Entry No. 28). Based on the pleadings, the motion, the record, and the applicable law, the court denies the motion to amend or alter the judgment to lower the fee award amount. (*Id.*). The reasons for this ruling are set out below.

## I. The Legal Standard

The Federal Rules of Civil Procedure do not specifically provide for motions to reconsider. *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 616 (S.D. Tex. 2019) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). A motion seeking reconsideration of a prior ruling is evaluated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of the entry of judgment. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam). If the motion is filed after that time, it is analyzed as a motion for relief from a final judgment or order under Rule 60. *Id.*

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks and quoting reference omitted). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. Nevertheless, "the law-of-the-case doctrine does not operate to prevent a district court from reconsidering prior rulings," and this court "has the power to revisit

prior decisions of its own." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 171 (5th Cir. 2010) (quoting reference omitted).

## II. Analysis

### A. Motion for Reconsideration

Iyer moved for reconsideration of the court's order granting attorneys' fees on July 8, 2026, within 28 days of the court's order of dismissal entered on June 10, 2026. (Docket Entry Nos. 27, 28). The court evaluates the motion as a Rule 59(e) motion. *See Demahy*, 702 F.3d at 182 n.2.

Iyer argues that the court should allow relief under Rule 59(e). (Docket Entry No. 28). But the present record does not "clearly [show] . . . a manifest error of law or fact or . . . newly discovered evidence" that necessitates a change to the attorneys' fees award. *See Rosenzweig*, 332 F.3d at 863. Nevertheless, Iyer argues that the court's fee order reflects "top-heavy staffing" and a failure to exclude time spent on the breach of fiduciary duty claims against the individual defendants. (*Id.* at 3–5). Both arguments are unavailing. First, the court necessarily rejected the argument that "staffing" was "top-heavy," (*see* Docket Entry No. 26 at 6–7), and a review of the record shows no basis to find that was incorrect. Second, Syndigo did not seek fees for work on the fiduciary duty claim because that claim was directed to only the individual defendants, not Syndigo, and Syndigo's lawyers did not substantively brief or argue for recovery under that claim. (*See* Docket Entry No. 4 at 13 (noting that the "claim [wa]s not asserted against Syndigo")). In short, there is no reasonable basis for "[r]econsideration of [the] judgment," which is an "extraordinary remedy that should be used sparingly." *See Templet*, 367 F.3d at 479.

### B. Supersedeas Bond

Iyer next argues that he cannot afford the judgment and asks that it be stayed pending appeal and that the supersedeas bond be waived or reduced. (Docket Entry No. 44). He has

submitted a declaration about his financial situation, (Docket Entry No. 47), which he contends precludes his ability to obtain a supersedeas bond, and asks the court to order a substitute security package that he describes in his reply, (Docket Entry No. 44).

No later than September 11, 2026, Syndigo must inform the court whether it opposes the substitute security package or other adjustment of the bond requirement. (*See* Docket Entry No. 44). By that date, Syndigo must also inform the court whether it opposes a stay of enforcement of the fee order pending appeal.

**III. Conclusion**

The motion to amend or alter the judgment is denied. (Docket Entry No. 28). The motion to seal the financial declaration is granted. (Docket Entry No. 46). Iyer's declaration, (Docket Entry No. 47), is sealed until further order from this court.

SIGNED on September 2, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge